[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter first came to the Court by summons and complaint dated June 11, 1998 and returnable July 7, 1998 claiming a dissolution of marriage, custody and support for the minor child, alimony, an equitable division of assets and debt, restoration of maiden name and such other relief as law and equity may allow.
Automatic orders accompanied the complaint as well as temporary motions, a financial affidavit and an application for order to show cause concerning the minor child.
A pendente lite agreement concerning custody, visitation and the marital home filed June 22, 1998 was approved by the Court, Martin, J., on that date.
Said agreement provided for the referral of custody and visitation to the office of Family Relations
On July 13, 1998 the defendant appeared by counsel.
On August 3, 1998 the Court, Martin, J., appointed Attorney Patricia Haines as counsel for the minor child.
On August 24, 1998 an agreement was executed by all counsel of record concerning the minor child and the child's continuing counseling.
On September 4, 1998 the attorney for minor child appeared. CT Page 6380
On October 19, 1998 an agreement as concerns support for the minor was ordered by the Court, Solomon, J., in the amount of $29.00 weekly.
On February 8, 1999 new counsel appeared for the plaintiff.
On April 27, 1999 the plaintiff and the defendant with their respective counsel and witnesses appeared before the Court and were heard.
The Court makes the following findings of fact.
The plaintiff and the defendant were joined in marriage on May 28, 1995 at Norwich.
The plaintiff's maiden name was Crandall.
The parties have both resided in this State for more than 12 months prior to the date of the writ.
The plaintiff and the defendant have one minor child, Britany, born on December 16, 1989, but issue of the marriage.
Neither party has been the recipient of welfare or assistance from the State or any subdivision thereof.
The plaintiff began her relationship with the defendant in January 1989.
The defendant acknowledged paternity after the child was born.
Marital problems developed beginning in April 1996 shortly after the defendant acquired the home and residence located at 101 Leha Avenue in Jewett City.
It appears that there were several instances of physical abuse and mental abuse including a pushing and fall in the shower by the defendant against the plaintiff and an occasion when the plaintiff and the child were locked out of the residence and the defendant damaged the door of the plaintiff's motor vehicle. On another occasion the defendant took the plaintiff's car keys and refused to return them.
A protective order was secured by the plaintiff. CT Page 6381
The defendant undertook and completed a course in anger counseling.
Prior to the marriage the defendant immoderately used alcohol but after the marriage this was discontinued.
In June 1998 the defendant removed the child Britany from school for three weeks and took the child to reside with him at the home of Virginia Holly, an elderly lady who had apparently cared for the child in the past, without permission or making full disclosure to the plaintiff.
The child, since the latter part of June 1998, has resided with the plaintiff at the home of the child's maternal grandparent Betty St. Denis at Quaker Hill in Waterford.
The child Britany now age 9, attends the Quaker Hill Elementary School and is in the fourth grade. The plaintiff is employed as an administrative assistant by Interim Healthcare of Eastern Connecticut, became employed full time in October of 1998 at an hourly rate of $7.25.
The plaintiff presently resides with Betty St. Denis and the child Britany.
The home and residence of the parties was purchased at a price of $94,000.00 by the defendant only, primarily by assuming an existing first mortgage of approximately $50,000.00 and executing a second mortgage for $44,000.00.
The mortgages are held by the Farmer's Home Loan Administration (FHLA).
At the time of the acquisition of the 101 Leha real estate, the Defendant was approved by the FHLA, but the plaintiff was found not creditworthy due to an earlier repossession of a motor vehicle.
The plaintiff has made inquiry in surrounding towns as to the cost of apartments in the hope of finding a suitable home for herself and the child Britany.
The child Britany was born with a condition of asthma which is under control, the child also wears glasses. CT Page 6382
The plaintiff is age 30 and enjoys good health.
Plaintiff's education extended through completing high school, this is the first marriage for both parties.
The plaintiff's request for support is to the amount of $55.00 weekly, the plaintiff makes no request for alimony. The defendant makes no request for alimony.
The child Britany is presently covered for medical purposes through the State of Connecticut Huskie Plan.
The plaintiff stated that her request for resumption of maiden name as noted in the complaint is withdrawn.
The plaintiff and the defendant both testified that the marriage has irretrievably broken down and the Court so finds.
The plaintiff is desirous of having her maternal grandparent Betty St. Denis be the sole baby sitter for the child whenever she is working.
The plaintiff has indicated that if she is not able to find a suitable apartment within her means or in the event the Court does not award her the Leha Avenue residence that she would intend to travel to Virginia Beach, Virginia to reside with her parents.
The child Britany has been in the Waterford school system but the plaintiff is desirous, if possible, to have the child return to the Griswold school system where it is alleged the child has more friends and acquaintances.
The monthly mortgage payments to the FHLA are as follows, $278.00 interest plus $140.00 tax escrow, plus other charges for a total of $440.00 monthly. By virtue of the recapture clause in the mortgages, the principal is not being reduced at this time.
Additionally, utilities at the Leha premises weekly have averaged $12.00 fuel, $14.00 electricity, $5.00 water, plus charges for telephone and cable.
According to the testimony, average monthly rentals for CT Page 6383 two-bedroom apartments in either Waterford or Jewett City approximate $600.00.
Plaintiff may be eligible for low income housing.
The plaintiff acknowledges that there is a good warm relationship between the child Britany and the defendant.
When the defendant acquired the Leha property he was represented by counsel but says he never asked any questions of counsel as to the terms and conditions of the mortgage instruments and/or the recapture agreement.
The defendant formerly had bad credit but was able to pay off any past due debts so as to be eligible for the FHLA debt.
The defendant represents that the mortgage is current except for the April payment and a deficiency in the tax escrow.
The defendant recently borrowed $1,000.00 from Virginia Holly, a long-time friend, to achieve a current mortgage status.
It is represented that the child has a positive caring relationship with her sometime baby sitter Virginia Holly who resides close to the Leha Avenue residence.
The defendant formerly was employed at Foxwoods Casino as a supervisor in the kitchen where his net weekly income was $355.00.
The defendant is now employed for the last several months at RR Ltd., a septic system concern, where he earns $7.00 an hour for an approximate weekly net of $238.00.
The defendant left Foxwoods Casino after being there for five years because he was required during all that time to serve on the third shift.
On earlier occasions the defendant had been employed by Hendel's Henny Penny and a wire factory.
At the wire factory the defendant suffered a sprained back but his compensation claim has been denied.
The witness Virginia Holly, age 67, has known the defendant CT Page 6384 since he was age 15.
Holly has had limited contacts with the plaintiff.
Holly has had a long and happy relationship with the child Britany over the years and has known the child since a toddler.
Holly, while the child is in her care, has taken the child fishing, on walks, has played games with the child and engaged in other meaningful activities with the child.
Holly is retired.
When the defendant took the child out of school for several weeks, the child and the defendant stayed at Holly's home. The school was notified as to the whereabouts of the child.
The defendant visited the school every day, secured the child's homework, saw that it was completed and returned it to school.
Holly cares for two other children in her home whose ages are 9 and 11.
Betty St. Denis, the maternal grandparent for Britany, resides in Quaker Hill, Waterford.
The plaintiff and the child have resided with St. Denis for the last 11 months.
Other members in the St. Denis home are her husband, an adult daughter and another granddaughter.
The St. Denis home has four bedrooms.
The plaintiff and the child share a bedroom.
Betty St. Denis is age 71, has nine children of her own and 34 grandchildren.
St. Denis states that the child appears cheerful and happy and is doing well in school.
St. Denis believes the child has a good relationship with both parents. CT Page 6385
From the exhibits, the Court makes the following findings.
From the guideline worksheet, the Court finds that the amount of $55.00 is the agreed and proper amount for support of the minor child.
From the defendant's financial affidavit, the court notes weekly gross income of $280.00, deductions of $61.98, for a net of $218.02. Defendant's claimed weekly expenses including the mortgage payment are $325.28.
Defendant's debt, $1,253.00.
The defendant values the home at 101 Leha Avenue at $93,000.00, with a present mortgage debt due to the recapture clause of $102,442.00 for a minus equity.
The defendant's sole asset is a 1983 Ford motor vehicle valued at $300.00.
The plaintiffs weekly gross is $290.00, deductions of $58.58, for a net of $231.42.
Plaintiffs weekly expenses, while she is living with her grandmother, are $155.25.
Needless to say, this will increase when the plaintiff secures her own place.
Plaintiffs debt, $885.00.
The plaintiff is not an owner of record as to the real estate.
Plaintiff owns a 1978 Mercury motor vehicle valued at $400.00 and has $400.00 in her checking account. The plaintiff is concerned as to the condition of her car.
The defendant has had problems with the authorities in the past. See Plaintiffs Exhibit 1.
Plaintiffs 1998 gross income for federal purposes was $10,598.00. CT Page 6386
See Plaintiffs Exhibit 2.
See Defendant's Exhibits A and B for delinquent debt due the FHLA, USDA.
Defendant's Exhibit C, the mortgage deed, and Exhibit D, the Subsidy Repayment Agreement, require that the mortgagor reside in the premises and continue to own the premises otherwise the loan may be called.
Defendant's Exhibit E reflects the current status of the existing support payments. Defendant's Exhibit F reflects that title stands in the name of the defendant only and recites the first mortgage debt.
Defendant's Exhibit G reflects his 1998 income of $13,257.00 on his Federal income tax return.
 Discussion
This is a marriage of almost four years.
The parties however have had a relationship of over ten years.
There is one child, Britany, now age 9.
The financial circumstances and income of both parties are very modest.
The parties, subject to the court's approval, are in accord as concerns the issues of custody and visitation. The attorney for the minor child also concurs.
The issues reserved to the Court are as follows:
1. the issue of transportation of the child for visitation purposes
2. care of the child while the plaintiff is working
3. support
4. title to the real estate at 101 Leha Avenue, Jewett City CT Page 6387
5. the division of personal property.
 The Law
The Court has considered all of the statutes which apply in matters of this nature, which include without limitation C.G.S. §§ 46b-40 et seq., 46b-56a and b, 46b-59, 46b-66a, 46b-81 and46b-84.
The Court has considered all the applicable case law that govern the matter.
The Court has considered the testimony of the parties, their candor or lack thereof and all exhibits and the arguments of counsel.
The Court has considered the length of the marriage, the cause of the dissolution, the age, health station, occupation, employability, estate and needs of the parties.
The Court enters the following orders.
The plaintiff and the defendant shall have joint legal custody of the minor child Britany, with the plaintiff mother being the primary custodial parent.
Visitation to the defendant father as follows. Every other weekend from Friday after school through Sunday at 7:00 p. m., and every Wednesday from after school until 7:00 p. m. Holiday schedule for the holidays shall proceed as follows: the parties shall alternate the Labor Day, Columbus Day, Memorial Day and Fourth of July holidays beginning with mother having Labor Day 1998. Mother's Day shall be with mother, and Father's Day with father, from 9:00 a.m. until 7:00 p. m. Father shall return the child to mother at noon on Easter Sunday. In the event that Easter Sunday shall fall on mother's weekend, she shall have the child for the day. Father shall have the child each year from 1:00 p. m. on the Wednesday prior to Thanksgiving until noon on Thanksgiving Day. Mother shall have the child every year on Christmas Eve and on Christmas Day until noon. Father will have the child from Christmas Day at noon until December 27th at 7:00 p. m. New Year's Eve and New Year's Day shall be alternated by the parties, with mother to have the child on the even-numbered years. Mother shall have the February CT Page 6388 school vacation, and father shall have the April school vacation. The child's summer vacation shall be divided between the parties in a weekly manner such that the parties shall exchange the child every Sunday at 7:00 p. m.
By agreement of the parties, the plaintiff who cannot drive in the snow, will provide whatever transportation is required concerning the child's visitation schedule during April, May, June, July, August and September and the defendant will provide the transportation during October, November, December, January. February and March.
The child, while either parent is working, may be left in the care of either the maternal grandmother, Betty St. Denis, or Virginia Holly, who has cared for the child in times past for the defendant.
In the Court's opinion, Virginia Holly appears to be a stable, practical, kindly lady, who it appears has a good bond with the child.
Betty St. Denis appears equally reliable and steady.
The defendant is agreeable to paying $55.00 weekly for child support and the Court so orders.
A wage execution may issue.
The attorney for the minor child is in accord with the above.
As to the real estate at 101 Leha Avenue, Jewett City, as noted, there is a substantial minus equity in the premises and the loan documents would appear to preclude the Court ordering a transfer of title to the plaintiff.
In addition, aside from problems as to the loan documents, the Court feels that the plaintiff could not possibly meet the mortgage obligations and keep them current, plus the increasing aspect of the debt due to the recapture agreement.
In addition, the FHLA previously found the plaintiff not creditworthy and probably would not recognize her as occupier or mortgagor.
The defendant may retain his minus equity possession of the CT Page 6389 Leha Avenue premises, at least it may provide a place to which the child can be taken for visitation.
In addition, in the Court's opinion, it would not be in the plaintiff's best interests to become involved with such a staggering debt which shecould not possibly manage.
By agreement of the parties and with the approval of the Court, the issue of personal property in the event it cannot be amicably resolved will be determined by binding arbitration.
No order of alimony is entered as to either party.
Although the child Britany is alleged to be covered under the State Huskie medical program, the Court directs that each parent shall provide coverage for the child as may be available incident to their employment.
Any uncovered medical or dental expenses to be equally apportioned between the parties.
The defendant shall be entitled to take the minor child as a tax exemption as long as he is current in his support payments.
The marriage of the parties is dissolved and the parties are declared to be single and unmarried.
Austin, JTR